NICHOLS *v.* OAKLAND COUNTY PROSECUTING ATTORNEY

GRAND JURY—OBLIGATION OF SECRECY—APPEAL AND ERROR—MOOT-NESS—PLAINTIFF INDICTED.

Petitioner's appeal was dismissed as moot where petitioner had sought an order of superintending control in the nature of mandamus to compel the prosecuting attorney to allow the plaintiff to be relieved of his obligation of secrecy as to grand jury proceedings and to allow plaintiff's counsel to accompany plaintiff before the grand jury, the complaint was dismissed by the circuit court, plaintiff appealed, and, during the pendency of the appeal, the plaintiff was indicted by the grand jury, because due to the fundamental change of plaintiff appellant's status, mandamus could not have been issued by the appellate court.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 771.

Appeal from Oakland, Robert L. Templin, J.   Submitted Division 2 June 10, 1971, at Lansing.   (Docket No. 11336.)   Decided August 24, 1971.

Complaint by James R. Nichols for an order of superintending control in the nature of mandamus against the Prosecuting Attorney of Oakland County.   Complaint dismissed.   Plaintiff appeals.   Appeal dismissed as moot.

*O'Brien, O'Brien, Bolle, Gase & Gilleran* (*Charles J. Porter*, of counsel), for plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Thomas G. Plunkett*, Prosecuting Attorney, and *Frank R. Knox*, Assistant Prosecuting Attorney, for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J.   Petitioner was served with a subpoena compelling his appearance before a 17-member "citizen grand jury" which had been duly convened.   On the date specified for his appearance, he presented himself together with his attorney.   He requested permission from the assistant prosecutor assigned to the proceeding to have his attorney accompany him into the grand jury room, remain with him, and to advise him during the questioning.   The request was denied.   Petitioner went into the grand jury room.   He was administered an oath of secrecy which included the prohibition that he not divulge anything that occurred therein to his attorney.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

So far as the record before us discloses, the oath was respected. At least our record is silent on the point.

Immediately thereafter petitioner filed a complaint in the Oakland County Circuit Court seeking an order of superintending control in the nature of mandamus to compel the assistant prosecutor to allow his counsel to accompany him, to relieve him of his oath-bound obligation not to divulge anything that transpired to his attorney, and the further obligation not to disclose the names of any witnesses participating in the proceedings, or the fact of their having been subpoenaed. Upon the return date of the hearing on the order to show cause, the complaint was dismissed. Petitioner appealed to this Court on March 16, 1971, and included a prayer for a stay of proceedings. A stay order was issued March 25, 1971. It did not prohibit the continuation of the conduct of the grand jury, but rather was limited to relieving the petitioner of any further obligation to reappear and testify, and it granted immediate consideration. The filing of appellant's brief was required within 15 days of that order. The brief was duly filed. The appellee prosecutor responded. The case was docketed for hearing at the earliest possible date. It was argued on June 10. It has been *sub judice* since that date. The panel was prepared to release an opinion or opinions by July 31. It is a case of first impression. Its constitutional issues are of major significance to the jurisprudence of the state.

In its present posture we cannot decide it. We could not afford petitioner the relief he sought, assuming he prevailed on the merits.

Of necessity, we take judicial notice of the fact that the status of petitioner-appellant has changed so fundamentally that the question before us, as to

this case, has been mooted. We judicially note that appellant was in fact indicted on July 9, 1971. The proceedings as to him can no longer be investigatory, if in fact they previously were. He now is an accused, with all the rights, constitutional and statutory, attending that status. Our holding for or against him under the *pleaded allegations* in this cause would be totally academic.

We decline to act decisionally. Indeed, we cannot under the state of the record. Mandamus cannot issue.

We dismiss this appeal as moot. We express no opinion on the merits. We retain no jurisdiction.

All concurred.